```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

```
GARRY C. KRAFT,                   :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :
                                  :    CIVIL ACTION 12-0590-CG-M
CITY OF MOBILE,                   :
                                  :
     Defendant.                   :
```

REPORT AND RECOMMENDATION

The Motion to Dismiss (Docs. 6-7) and the Motion to Dismiss the Amended Complaint (Doc. 20) filed by Defendant, City of Mobile (hereinafter referred to as *Mobile* or *City*), has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 42 U.S.C. § 1983.  After consideration, it is recommended that both of Defendant's Motions be denied.

The facts are, briefly, as follows.  Plaintiff Garry C. Kraft filed a complaint in the Mobile County Circuit Court on August 24, 2012, asserting that the Defendant had demolished his home without notice, located at 3507 Keeling Road, situated within Mobile County (Doc. 2, Exhibit 1).  On September 7, Defendant removed the action to this Court (Docs. 1-2); one week later, Mobile filed a Motion to Dismiss this action, asserting

1

that the Complaint failed to state a claim upon which relief can be granted (Docs. 6-7).  At the Court's direction (Doc. 9), Kraft filed an Amended Complaint (Doc. 18).  Mobile has since filed a Motion to Dismiss the Amended Complaint (Doc. 20) to which Plaintiff has responded (Doc. 22).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1]  While factual allegations do not have to be

---

[1]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, (Continued)

2

detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

---

nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

In the Amended Complaint, Kraft asserts that on or about July 16, 2011, the City demolished several structures on his property at 3507 Keeling Road, consisting of his house, a workshop, a storage room, and living space for his son (Doc. 18, pp. 31, 82).  The structures and all of their contents, valued at around $200,000, were destroyed by Mobile (Doc. 18, pp. 21-22, 31; *see also* pp. 58-73).  Plaintiff has asserted that the City destroyed this property without notice to him or a hearing before doing so (Doc. 18, pp. 12, 26, 55-56, 82).  Kraft has asserted an unlawful taking of his property without due process (Doc. 18, p. 5) and asserts a violation of the Fourth Amendment (Doc. 18, pp. 14, 88).  He seeks $600,000 in compensatory and punitive damages (Doc. 18, pp. 21-22, 31).

Plaintiff has brought this action under 42 U.S.C. § 1983

4

which states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.  Kraft has cited the Fourth Amendment[2] in several places throughout his Amended Complaint (Doc. 18, pp. 14, 88), though the Defendant has referenced the Fourteenth Amendment[3] in its discussion of the claim (Doc. 7, p. 9).  The Court finds that the Fourteenth Amendment is the more

---

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[3] "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. Const., amend. XIV, § 1.

appropriate citation in light of Kraft's assertion that his property was taken without the benefit of his receiving any due process. The Eleventh Circuit Court of Appeals has stated that "[i]n this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

There would seem to be no question that Kraft has a constitutional right to own property. *See Hemperly v. Crumpton*, 708 F.Supp. 1247, 1250 (M.D. Ala. 1988) ("[I]t is undisputed that plaintiffs have a federal constitutionally protected right to own the property"). The Court does not read either of Mobile's Motions to dispute that it was state action that led to the demolition of Kraft's property (*see* Docs. 6-7, 20). Having disposed of the first two of the *Grayden* requirements, the Court will now determine if the process was constitutionally adequate.

Defendant asserts that it satisfied the requirements of Mobile's Ordinances regarding the abatement of nuisance buildings and that Plaintiff's complaint fails to raise a claim against it (Doc. 7, pp. 9-10). As if it to prove its assertion, Mobile specifically stated the following: "Plaintiff alleges

that his house was demolished prior to a hearing on August 23, 2011, but that hearing was to fix the costs according to the applicable statute and that hearing occurs after the actual demolition" (Doc. 7, p. 9).

The Court finds that the City is reading Kraft's claim too narrowly.  The Court reads Plaintiff's complaint to assert that he did not receive notice of the demolition of his house from the City until after the fact (Doc. 18, pp. 12, 26, 55-56, 82).

Defendant has provided a copy of a City Ordinance requiring that notice be given to a property owner when that property is found to be a public nuisance.  That Ordinance states as follows:

> (a) Whenever the official finds that any building situated in the city is unsafe to the extent that it is a public nuisance, the official shall give the owner and all mortgagees of record notice to remedy the unsafe condition of the building or structure.  Notice shall be sent by certified or registered mail:
>     (1) The owner's address on file in the revenue commissioner's office;
>     (2) To the address of the property; and
>     (3) To all mortgagees of record to the address set forth in the mortgage, or if no address is set forth in the mortgage, to the address determined to be the correct address by the official.
> (b) The notice shall set forth in detail the basis for the official's finding and shall direct the owner to take either of the following actions:
>     (1) In the case where repair is required, accomplish the specified

7

      repairs or improvements within forty-five (45) days of the date appearing on the notice, or if the same cannot be repaired within that time, to provide the official with a written work plan to accomplish the repairs. The work plan shall be submitted within forty-five (45) days of the making of the notice and shall be subject to the city's approval.

      (2) In the case where demolition is required, demolish the structure within forty-five (45) days of the date appearing on the notice.

      (3) In the case of either repair or demolition, the notice shall also state that in the event the owner does not comply within the time specified in the notice, the repairs or demolition shall be accomplished by the city and the costs of the repairs or demolition shall be assessed against the property.

(c) The mailing of the certified or registered notice as specified in this section, properly addressed and postage prepaid, shall constitute "Notice" as required herein. A copy of the notice shall also be posted at or within three (3) feet of an entrance to the building. If there is no entrance the notice may be posted at any location upon the building. The notice shall be posted on the building within three (3) days of the date the certified or registered notice was mailed.

(d) If the owner fails to take action as directed by the official, the city may take either of the following actions:

      (1) In the case where repair is required, repair the building at the expense of the city and assess the expenses of the repair on the land on which the building stands or to which it is attached.

      (2) In the case where demolition is required, demolish the building at the expense of the city and assess the expenses of the demolition on the land

8

>> on which the building stands or to
>> which it is attached.

Mobile Ordinance § 11-83 (Doc. 7 Attachment).

In this Complaint, Plaintiff asserts that he did not receive notice of the City's finding that his property was a public nuisance before it was demolished. Defendant has not demonstrated that it complied with the notice requirements set out in its Ordinance. As such, the Court finds that Kraft has stated a Fourteenth Amendment procedural due process claim against Mobile. Though Plaintiff's complaint may not be a model of clarity, the Court finds that it provides sufficient facts, under *Iqbal* and *Twombley*, to state a claim against Defendant.

In light of the foregoing, it is recommended that Defendant's Motion to Dismiss (Docs. 6-7) and Motion to Dismiss Amended Complaint (Doc. 20) be denied and that this action be allowed to proceed.

<u>MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of

the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 12th day of March, 2013.


                                              s/BERT. W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE