# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| GARRY C. KRAFT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:12-cv-590-CG-M ) |
| CITY OF MOBILE, | ) ) |
| Defendant. | ) ) ) |

## ORDER

This matter is before the court on the defendant the City of Mobile's motion for summary judgment with supporting briefs (Docs. 38, 39, 40) and the plaintiff Garry C. Kraft's ("Kraft") opposition thereto (Doc. 53). For the reasons stated below, the City of Mobile's motion for summary judgment is **GRANTED**.

## FACTS

Kraft filed this lawsuit against the City of Mobile as a result of the demolition of several structures on his property at 3507 Keeling Road in Mobile, Alabama, consisting of his house, a workshop, a storage room and a living space for his son. (Doc. 18 at 31, 82).

Mobile City Code § 11-81 et seq. provides a nuisance abatement procedure to address the existence of unsafe and dilapidated buildings and structures within the City. (Doc. 7-1). On December 31, 2008, a citizen complained about the condition of the property at 3507 Keeling Road through the City's 311 system. (Doc. 41-1, ¶ 3). The City's 311 system provides a single point of contact for residents to make

complaints and gain access to non-emergency City services. Id. When a citizen calls the City's 311 system to make a complaint or request, a service request order (SRO) is generated and directed to the appropriate department. Id.

The SRO relating to the property at 3507 Keeling Road was assigned to city employee Wayne Rocks. (Doc. 41-1, ¶ 4, Exhibit A). On January 5, 2009, Mr. Rocks inspected the property, and a notice of violation was sent to the property owner. Id. The notice was mailed to the owner at the property address, but the U.S. Postal Service returned the notice to the City on January 9, 2009, reflecting a new mailing address of 6783 San Marino Drive Theodore, Alabama 36582-9324. (Doc. 40-1, ¶ 4, Exhibit B). On April 17, 2009, the City mailed the notice of violation to the Theodore address, indicating that the property owner of 3507 Keeling Road should remove all rubbish and garbage from the property and cut all high grass and weeds. (Doc. 40-1, ¶ 4, Exhibit C).

After determining that the structures were dilapidated and the property appeared abandoned, the City initiated an investigation to decide whether the property was unsafe or otherwise constituted a public nuisance. (Doc. 40-1, ¶ 5). On July 17, 2009, the City filed a lis pendens in the records office of the Judge of Probate of Mobile County, Alabama reflecting this investigation. (Doc. 40-1, ¶ 5, Exhibit D).

On March 2, 2010, a city municipal enforcement officer Felicia Glover inspected the property. (Doc. 40-1, ¶ 5; Doc. 40-2, ¶ 2). Ms. Glover confirmed that the structures continued to exist in a dilapidated and unsafe condition and that the

property appeared abandoned. (Doc. 40-2, ¶ 2). Ms. Glover took photographs of the property as part of the investigation. (Doc. 40-2, ¶ 2, Exhibits A, B, C). On the same day, she posted a notice on the structure indicating that it was deemed unsafe and subject to being declared a public nuisance. (Doc. 40-1, ¶ 5, Exhibit E; Doc. 40-2, ¶ 2). She also placed a sign in the yard instructing anyone with information about the owner of the property to contact the City of Mobile. Id.

By a letter dated May 24, 2010, the City notified the property owner and all mortgagees by certified mail in accordance with the statutory procedure set out in Mobile City Code § 11-83. (Doc. 40-1, ¶ 5, Exhibit F). The letter stated that the property was a public a nuisance and that the property owner must repair or demolish the building within forty-five (45) days. (Doc. 40-1, ¶ 5; Doc. 40-2, ¶ 3, Exhibit D). The letter also warned that failure to do so could result in the City's demolition or repair of the property as well as the placement of a lien to assess such costs against the property. Id. On May 28, 2010, Ms. Glover posted the same notice on the residence located at 3507 Keeling Road. (Doc. 40-1, ¶ 5, Exhibit G; Doc. 40-2, ¶ 3, Exhibit E).

Although not required by statutory procedure, the City published notice of the action pending before the City Council to declare the property a nuisance in the Mobile Press Register on June 9, 2010, and in the Mobile Record on June 16, 2010, and June 23, 2010. (Doc. 40-1, ¶ 6, Exhibit H).

On August 26, 2010, Ms. Glover visited the property once again to ensure that no changes or repairs had been made. (Doc. 40-1, ¶ 6; Doc. 40-2, ¶ 4). The City

3

of Mobile Fire Department responded to calls for fires at the property on July 29, 2008, February 10, 2010, and March 25, 2010. (Doc. 40-2, ¶ 4, Exhibits F, G, H). Ms. Glover found the property in even worse condition than during her previous visit. (Doc. 40-1, ¶ 6, Exhibit I; Doc. 40-2, ¶ 4, Exhibit I, J, K). The primary structure appeared completely burned out, while the other structures on the property were damaged and unsecured. (Doc. 40-2, ¶ 4).

On January 19, 2011, the City filed a second lis pendens in the office of the records of the Judge of Probate of Mobile County, Alabama reflecting that the City adopted a resolution on November 16, 2010, declaring the real property located at 3507 Keeling Road a public nuisance and further indicating the City intended to remedy the nuisance and claim a lien as a result of the cost of the repair or demolition. (Doc. 40-1, ¶ 7, Exhibit 7). Ms. Glover visited the property for a third time on January 31, 2011, to ensure that no repairs or improvements were made to the property. (Doc. 40-2, ¶ 5). At this time, she took photographs showing that no repairs or improvements were made and that the property continued to exist in an unsafe condition. (Doc. 40-2, ¶ 5, Exhibits M, N).

Kraft did not file an objection or appeal to the City Counsel or the Circuit Court prior to the demolition of the structures at 3507 Keeling Road. (Doc. 40-1, ¶ 7). As a result, the City requested bids on demolition work, which included the property located at 3507 Keeling Road. (Doc. 40-3, ¶ 2).

Gary Cobb is the owner of Gulf States Wrecking which is a business that performs structural demolition work. (Doc. 40-3, ¶ 2). After receiving information

4

from the City requesting bids for demolition work, Mr. Cobb visited 3507 Keeling Road to inspect the property. (Doc. 40-3, ¶ 3). Mr. Cobb testified that the property contained a main residence structure, a garage and other storage or shop type buildings that were all in very bad shape as well as a chain-link fence running along the back side of the property that was cut open. <u>Id.</u> Mr. Cobb stated that the main residential structure was burnt out. <u>Id.</u> He also stated that the other buildings behind the main residential building were open with sheetrock busted or torn out in many locations and that the copper wire had been stripped from the structures. <u>Id.</u> Based on his inspection, Mr. Cobb submitted a bid to the City for the cost of demolishing the structures on the property. (Doc. 40-3, ¶ 4).

On April 22, 2011, the City issued a notice to proceed with the demolition of the structures at 3507 Keeling Road to Gulf State Wrecking. (Doc. 40-1, ¶ 7; Doc. 40-3, ¶ 4). Mr. Cobb demolished the structures after that date. When Mr. Cobb returned to perform the demolition work, he inspected the property a second time. (Doc. 40-3, ¶ 4). Mr. Cobb testified that the all of the structures remained in an unsecured and dilapidated condition. <u>Id.</u> On or about June 23, 2011, the City received an invoice from the contractor. (Doc. 40-1, ¶ 7). Ms. Glover returned to the property on June 28, 2011, to confirm that the contractor completed the demolition work. (<u>Id.</u>; Doc. 40-2, ¶ 6).

On August 24, 2012, Kraft filed a complaint against City of Mobile pursuant to 42 U.S.C. § 1983, alleging that the City had demolished his home located at 3507 Keeling Road in Mobile, Alabama, without notice or a hearing before doing so in

5

violation of the due process clause of the Fourth Amendment.[1]  The City of Mobile removed the action to this court on September 7, 2012. (Docs. 1-2). On June 3, 2013, the City of Mobile filed a motion for summary judgment with supporting briefs. (Docs. 38, 39, 40).  Kraft then filed a response to the motion for summary judgment on July 15, 2013. (Doc. 53).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250 (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a

---

[1] (Doc. 2-1). Kraft subsequently amended his complaint as directed by the court on November 15, 2012. (Docs. 9, 18).

6

jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds might differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Hinesville Bank v. Pony Exp. Courier Corp., 868 F.2d 1532, 1535 (11th Cir. 1989) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(a), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Co., 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response .... must be by affidavits or as otherwise provided in this rule be set out specific facts showing a genuine issue for trial." Vega v. Invsco Group, Ltd., 2011 WL 2533755, *2 (11th Cir. 2011). "A mere

7

'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation and citation omitted).

## LEGAL ANALYSIS

"[A] § 1983 claim alleging denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). There seems no dispute that Kraft has a constitutionally protected interest in the property he owns at 3507 Keeling Road and that state action led to the demolition of such property. See Doc. 24 at 6; Doc. 39 at 8. Thus, the Court must now determine whether the process was constitutionally adequate.

"[T]he Due Process Clause of the Fourteenth Amendment requires the government to provide the owner 'notice and opportunity for hearing appropriate to the nature of the case.'" Jones v. Flowers, 547 U.S. 220, 223, 126 S.Ct. 1708, 1712,

8

164 L.Ed.2d 415 (2006) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). "Due Process does not require actual notice, but rather 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Johnson v. City of Prichard, 771 F. Supp. 2d 1310, 1320-21 (S.D. Ala. 2011) (citing Jones v. Flowers, 547 U.S. at 226).

Mobile City Ordinance § 11-83 requires that notice be given for abating a public nuisance on private property. The ordinance sets forth the procedure as follows:

> (a) Whenever the official finds that any building situated in the city is unsafe to the extent that it is a public nuisance, the official shall give the owner and all mortgagees of record notice to remedy the unsafe condition of the building or structure. Notice shall be sent by certified or registered mail:
>     (1) The owner's address on file in the revenue commissioner's office;
>     (2) To the address of the property; and
>     (3) To all mortgagees of record to the address set forth in the mortgage, or if no address is set forth in the mortgage, to the address determined to be the correct address by the official.
> (b) The notice shall set forth in detail the basis for the official's findings and shall direct the owner to take either of the following actions:
>     (1) In the case where repair is required, accomplish the specified repairs or improvements within forty-five (45) days of the date appearing on the notice, or if the same cannot be repaired within that time, to provide the official with a written work plan to accomplish the repairs. The work plan shall be submitted within forty-five (45) days of the making of the notice and shall be subject to the city's approval.
>     (2) In the case where demolition is required,

> > demolish the structure within forty-five (45) days of the date appearing on the notice.
> > (3) In the case of either repair or demolition, the notice shall also state that in the event the owner does not comply within the time specified in the notice, the repairs or demolition shall be accomplished by the city and the costs of the repairs or demolition shall be assessed against the property.
> (c) The mailing of the certified or registered notice as specified in this section, properly addressed and postage prepaid, shall constitute "Notice" as required herein. A copy of the notice shall also be posted at or within three (3) feet of an entrance to the building. If there is no entrance, the notice may be posted at any location upon the building. The notice shall be posted on the building within three (3) days of the date the certified or registered notice was mailed.
> (d) If the owner fails to take action as directed by the official, the city may take either of the following actions:
> > (1) In the case where repair is required, repair the building at the expense of the city and access the expenses of the repair on the land on which the building stands or to which it is attached.
> > (2) In the case where the demolition is required, demolish the building at the expense of the city and assess the expenses of the demolition on the land on which the building stands or to which it is attached.

Ord. No. 11-085, § 3, 11-26-02. An individual with an interest in the building may object within thirty days from the date appearing on the notice by filing a "written request for a hearing before the city council, together with that person's objections to the finding that the building is a public nuisance." Mobile City Code § 11-84(e). If the city council orders the structure to be repaired or demolished after determining that the building is a public nuisance at the hearing, a person may file an appeal with the Circuit Court

within ten days of the council's decision. Id.

Kraft asserts that he never received any notices before his house was demolished arguing that there is no proof that any notices were ever mailed to him. Specifically, Kraft objects to the affidavit of Rob Jackson, the Deputy Director of Urban Forestry and Safety, and the attached documents (notices, photographs, return receipts, the City Council's resolution, etc.) as inadmissible hearsay.

After reviewing the record, the court finds that Kraft's arguments fail. Under the business records exception to the hearsay rule, the court accepts the records submitted by the City for the truth of the matters asserted therein. See Fed.R.Evid. 803(6) ("The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . (6) A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness."); see also Itel Capital Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1259)(11th Cir. 1983)("[U]nder Federal Rule of Evidence 803(6), documents made and kept in the ordinary course of business are admitted as an exception to the hearsay rule. To be admitted under this exception, the

person who actually prepared the documents need not have testified so long as other circumstantial evidence and testimony suggest their trustworthiness.").

Here, the record reflects that Mr. Jackson's testimony is supported by the attached documents which are records kept in the ordinary course of business. This evidence shows that the City initiated nuisance proceedings against Kraft after receiving a complaint from a citizen regarding Kraft's property. (Doc. 40-1, Exhibit A). The city mailed Kraft notice on April 17, 2009, (Doc. 40-1, Exhibit C), informing him of the nuisance violation and on May, 24, 2010 (Doc. 40-1 Exhibit F), setting forth the specific deadlines by which Kraft was required to abate the nuisance.[2] The City also posted a notice on the structure located at 3507 Keeling Road, placed a sign in the yard, and provided notice in a newspaper and legal publications advising that an action was pending before the City Council to declare the property a public nuisance. See Doc. 40-1, Exhibits G, H, J. After the City Council held a hearing, the City again published notice of the council's resolution declaring the structures located at 3507 Keeling Road a public nuisance. See Doc. 40-1, Exhibit K. The record also confirms that city inspectors completed an initial inspection and re-inspections of the property in order to give Kraft the opportunity to repair or demolish the structures before the official abatement occurred. See Doc 40-1, ¶¶ 5-6; Doc. 40-2.

---

[2] The City originally sent a notice to Kraft on January 9, 1010, but it was returned to sender. See Doc 40-1, Exhibit B. The City mailed a second notice to the address listed on the returned letter on April 17, 2009. See Doc. 40-1, Exhibit C.

Despite the record evidence that the City sent notice to Kraft, Kraft maintains that he never actually received any of the notices. Even if Kraft never personally received the notices sent by the City, however, the City's compliance with the notice procedure requirements of the nuisance abatement ordinance demonstrates that the notice provided was constitutionally sufficient. Kraft also appears to argue that his sister Sandra Armitage's signature on the return receipt of the notice is forged because she never signed it.[3] From the City's viewpoint, a signature of Kraft's sister's name on the return receipt makes it appear that the notice reached the intended recipient because there is no evidence that the notice was returned as unclaimed. See Johnson v. City of Prichard, 771 F.Supp.2d 1310, 1321. The Supreme Court has deemed such notice constitutionally sufficient:

> It is true that this Court has deemed notice constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent. See, e.g., Dusenbery [v. United States, 534 U.S. 161, 168-169, 122 S.Ct. 694, 151 L.E.2d 597 (2002)]; Mullane, 339 U.S., at 317, 70 S.Ct. 652. In each of these cases, the government attempted to provide notice and heard nothing back indicating that anything had gone awry, and we stated that "[t]he reasonableness and hence the constitutional validity of [the] chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." Id., at 315, 70 S.Ct. 652; see also Dusenbery, supra, at 170, 122 S.Ct. 694.

---

[3] See Doc. 40-1, Exhibit E. The court also notes that Ms. Armitage's original "affidavit" included with the amended complaint states that she received a notice regarding the demolition of the property while Kraft was in prison. She did acknowledge that she received mail for her brother while he was in prison. See Doc. 18 at 55-56. In her second "affidavit" included with Kraft's opposition to summary judgment, Ms. Armitage stated she doesn't remember signing notices from the City on May 28, 2010. See Doc. 53 at 95–97.

13

Jones, 547 U.S. at 226, 126, 126 S.Ct. 1708. In the instant case, the evidence demonstrates that the City's procedural safeguards ensured that Kraft did not suffer harm to his property without due notice and an opportunity to be heard.[4]

## CONCLUSION

For the reasons stated above, the Court finds that there is no genuine dispute as to any material fact, and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendant the City of Mobile's motion for summary judgment (Doc. 38) is **GRANTED.**

**DONE** and **ORDERED** this 3rd day of September, 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[4] Kraft also argues that the City should not have found that the property constituted a nuisance. Kraft contends the property was not in the deteriorated and damaged condition described by the city investigator. Kraft supports this assertion with a lengthy description of the structures on the property at 3507 Keeling Road and the materials used to build them. As to the damage caused by the fires, Kraft contends that the City should have known that the building was abandoned due to the City's current criminal investigation into incidents of arson at the property. The court fails to see how this shows that the City did not give adequate notice to Kraft before demolition of the property in violation of due process. Rather, Kraft was apprised of the opportunity to raise these kinds of objections at the hearing before the City Council and on appeal, but failed do so.

14