# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GARRY C. KRAFT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-590-CG-M |
| CITY OF MOBILE, | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the Plaintiff Garry C. Kraft's ("Kraft") motion for reconsideration (Doc. 58) of this court's order entering judgment in favor of the Defendant City of Mobile and dismissing the case with prejudice. (Doc. 57). Kraft's motion reiterates all arguments he previously raised concerning his allegation that the City violated his Fourth Amendment right to due process.

Reconsideration is considered an "extraordinary" remedy that is to be employed "sparingly." Gougler v. Sirius Products, Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citing United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003); Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522, 524 (E.D.Pa. 1992); Spellman v. Haley, 2004 WL 866837, *2 (M.D.Ala. Feb.22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil

Corp., 902 F.Supp. 1514, 1521 (M.D.Fla. 1995).

Generally, courts have recognized three grounds which justify the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Summit Medical Center of Alabama, Inc. v Riley, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003). Kraft appears to seek relief under the third prong, as he claims that there is a genuine issue of material fact as to whether the City's procedural safeguards ensured that his property was not harmed without due notice and an opportunity to be heard. To support this argument, Kraft argues that facts alleged in the affidavits submitted by the City of Mobile conflict with those alleged in the affidavits he filed.[1] However, this is not dispositive. Viewing the facts in the light most favorable to Kraft, overwhelming evidence on the record demonstrating the City's compliance with the notice procedure requirements of the nuisance abatement ordinance indicates that the notice provided was constitutionally sufficient.[2]

---

[1] The City supported its motion for summary judgment with affidavits of city municipal enforcement officer Felicia Glover (Doc. 40-2), Gary Cobb who is the owner of Gulf State Wrecking (Doc. 40-3), and Deputy Director of Urban Forestry and Safety Rob Jackson (Doc. 40-1). With his objection to the motion for summary judgment, Kraft filed a sworn affidavit of his own testimony (Doc. 53 at 71-94) and an affidavit of his sister Sandra Armitage (Doc. 53 at 95-97).

[2] Mobile City Ordinance § 11-83 requires that notice be given for abating a public nuisance on private property. See Ord. No. 11-085, § 3, 11-26-02. In the instant case, evidence (i.e., photographs, return receipts, business records, etc.) shows that the City followed the procedure set forth in the ordinance including mailing a notice reasonably calculated to reach Kraft that informed him of the nuisance violation and the deadlines by which he was required to abate the nuisance; posting a notice on the structure located on Kraft's property; placing a sign in the yard;

Accordingly, Kraft's motion for reconsideration is **DENIED.**

**DONE** and **ORDERED** this 12th day of November, 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

providing notice in a newspaper and legal publications advising that an action was pending before the City Council to declare the property a public nuisance, and; completing initial and re-inspections of the property in order to give Kraft the opportunity to repair or demolish the structures before the official abatement occurred. See Doc. 12.